# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **TURBINE ENGINE COMPONENTS TECHNOLOGIES CORPORATION,** : : : | |
| Plaintiff, : : | |
| v. : : | Civil Action No. 7:09-CV-86(HL) |
| **B.H. AIRCRAFT COMPANY, INC.,** : : | |
| Defendant. : : | |

# ORDER

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts only have limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay,

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3)); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. § 1331; 28 U.S.C.A. § 1332. Jurisdiction in this case is based on diversity of citizenship. A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). Generally, it is the plaintiff's burden to allege, with sufficient particularity, facts creating jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000). This Order focuses on the citizenship requirement of diversity jurisdiction.

A party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979). "Complete diversity" must exist for the court to retain jurisdiction – that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

For diversity purposes, a corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. *See* 28 U.S.C. § 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). Plaintiff has failed to properly plead the citizenship of all parties. Plaintiff has alleged that Defendant B.H. Aircraft Company, Inc. has its

principal place of business in New York, but has not alleged the corporation's state(s) of incorporation.  Accordingly, Plaintiff has failed to properly plead the citizenship of Defendant B.H. Aircraft Company, Inc.

To correct deficient allegations of citizenship, Plaintiff shall amend its complaint (Doc. 1), if at all, no later than ten (10) days after this Order is entered on the docket.  If Plaintiff fails to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

**SO ORDERED**, this the 14th day of July, 2009.

*s/  Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh