## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **TURBINE ENGINE COMPONENTS TECHNOLOGIES CORPORATION,** | : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : | **Civil Action No. 7:09-CV-86(HL)** |
| **B.H. AIRCRAFT COMPANY, INC.,** | : : | |
| **Defendant.** | : : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 10) and Amended Motion for Default Judgment (Doc. 15).  Plaintiff, Turbine Engine Components Technologies Corporation, has brought this suit against Defendant, B.H. Aircraft Company, Inc., for goods sold and delivered, open account, and breach of contract.

The complaint in this case was filed on July 8, 2009.  An amended complaint alleging jurisdiction was filed on July 23, 2009.  Defendant was served with a copy of the amended complaint on August 4, 2009.  Defendant has not filed an answer or otherwise made an appearance in this case.

After Plaintiff moved for Clerk's entry of default in accordance with Federal Rule of Civil Procedure 55(a), the Clerk's office entered Defendant's default on the

docket on November 23, 2009.  Plaintiff then moved for a Clerk's entry of default judgment against Defendant pursuant to Rule 55(b)(1).  On December 4, 2009, the Court entered an order directing Plaintiff to file an amended motion for default judgment, which Plaintiff did on December 15, 2009.  Copies of the Court's December 4, 2009 order and Plaintiff's Amended Motion were served on Defendant, but Defendant has filed no response to date.

Plaintiff has requested a default judgment in the amount of $114,416.19.  This amount consists of principal and pre-judgment interest in the amount of $103,991.99, plus attorney's fees of $10,424.20.  Plaintiff also requests that it be awarded the costs of this action and post-judgment interest as provided by 28 U.S.C. § 1961.

By its default, Defendant has admitted "the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[1].  This means that Defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . .A default is not treated as an absolute confession by the [defendant] of [its] liability and of the [plaintiff's] right to recover." Id.

The Court has reviewed the amended complaint filed by Plaintiff, and finds that the well-pleaded allegations in the complaint deemed admitted by Defendant are

---

[1]The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.  See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

sufficient to establish Defendant's liability and the amount of damages sought by Plaintiff.  Plaintiff has provided copies of the outstanding invoices, which show the amounts Defendant failed to pay for the goods provided.  The terms and conditions of the sales to Defendant also specify that in the event of a default or failure to pay, Plaintiff is entitled to interest and attorney's fees.

Pursuant to O.C.G.A. § 13-1-11, where, as here, a contract provides for the payment of attorney's fees without listing a specific percent, the provision is construed to mean "15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00."  O.C.G.A. § 13-1-11(a)(2).  As a precondition of a § 13-1-11 attorney's fees award, the party seeking fees must issue a demand notice, which must (1) be in writing; (2) to the party sought to be held on the obligation; (3) after maturity; (4) state that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced; and (5) state that the party has ten days from the receipt of such notice to pay the principal and interest without the attorney fees.  Trust Assocs. v. Snead, 253 Ga. App. 475, 476, 559 S.E.2d 502 (2002).  Counsel for Plaintiff has submitted an affidavit stating that the required ten-day letter was sent to Defendant by certified

mail, and no response has been received.  Thus, Plaintiff has fulfilled its obligations, and is entitled to attorney's fees pursuant to § 13-1-11 in the amount of $10,424.20.[2]

Plaintiff's Motion for Default Judgment (Doc. 10) and Amended Motion for Default Judgment (Doc. 15) are granted.  Judgment is entered against Defendant B.H. Aircraft Company, Inc. in the amount of $114,416.19 (principal in the amount of $93,754.00; pre-judgment interest in the amount of $10,237.99, calculated through November 20, 2009; and attorney's fees in the amount of $10,424.20). Post-judgment interest shall accrue beginning on the date of entry of this Order, bearing the rate specified under federal law, 28 U.S.C. § 1961.


**SO ORDERED**, this 4th day of January, 2009.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[2]The attorney's fees figure was arrived at as follows:  Fifteen percent of the first $500.00 equals $75.00.  The remaining principal and interest (after subtracting $500.00) equals $103,491.99.  Ten percent of the remaining principal and interest equals $10,349.20.  The total of $75.00 and $10,349.20 is $10,424.20.

4